

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Durwood Manford, Chairman
Highways and Roads Committee
House of Representatives
Forty-ninth Legislature
Austin, Texas

Dear Sir:                    Opinion No. O-6564

                             Re: Construction of the
                                 Amendment to House
                                 Joint Resolution No.
                                 49.

    Your letter of May 9, 1945, requesting the opin-
ion of this Department on the questions stated therein
is as follows:

    "Attached you will find a copy of an
amendment offered by Senator Shivers to
House Joint Resolution No. 49. Your con-
struction of this amendment would be appre-
ciated.

    "1. Does the amendment prevent the use
of the taxes enumerated for other than high-
way purposes?

    "2. Does the amendment restrict eligibil-
ity of indebtedness to those county or road
district bonds or warrants voted or issued
prior to January 2, 1939?

    "3. Would the distribution of the 'surplus'
from the County and Road District Highway Fund
be disturbed in any particular if the Shivers'
amendment as written should become a part of
the fundamental law?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Durwood Manford, page 2

"4.  What is your construction of the term 'existing law' as it appears in the amendment?

"5.  Insofar as you are able to determine, does the Shivers' amendment make any revisions in existing laws or procedures, other than to require the use of the revenues stated for highway purposes?

"6.  Does the amendment prevent the Legislature from determining or authorizing the types of road on which the money will be spent?"

The amendment to House Joint Resolution No. 49, a copy of which accompanies your inquiry, is as follows:

"Amend House Joint Resolution No. 49 by striking out all of Section 1 and inserting in lieu thereof the following:

"'Section 1.  That Article VIII of the Constitution of the State of Texas be amended by adding thereto a new section to be known as Section 7-A and to read as follows:

"'Section 7-a.  All net revenues remaining after payment of all refunds allowed by law and expenses of collection, derived from road user taxes, including but not limited to motor vehicle registration fees, drivers' license fees and all taxes, other than ad valorem and gross production taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of constructing and maintaining said public roadways and for the enforcement of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and licensing of drivers upon such roads, and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939 and declared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law; provided, however, that one-fourth (1/4) of such net revenue from the motor fuel tax shall be allocated to the Available School Fund.  Nothing contained herein shall be construed as authorizing the pledging of the State's credit for any purpose.'"

Generally speaking, the rules for statutory construction apply in the construction of constitutional provisions. (Ft. Worth and D. C. Ry. Co. v. Frazier, 191 S. W. 808). It is stated in Tex. Jur., Vol. 9, p. 429:

> "A fundamental rule of construction which is applicable to statutes as well as to constitutions is that, in ascertaining the meaning of an amendment, the court will look to the evil which was sought to be cured and the remedy which was sought to be applied. A constitutional amendment becomes just as much a part of the organic law as was the amended provision, and the effect of the amendment is the same as if it had been originally incorporated in the constitution. However, a constitutional amendment being the last expression of the will of the people, any provisions of the constitution previously existing must, in case of conflict, yield to it."

A constitutional provision should not be given a narrow or technical construction by the courts; it will be construed liberally or in an equitable manner, so as to carry out the great principles of government. (Great Southern Life Ins. Co. v. City of Austin, 243 S. W. 778).

The proposed amendment expressly allocates one-fourth of the net revenue from the motor fuel tax to the Available School Fund. Therefore, our answers to the questions under consideration have no application whatsoever to the revenue obtained from the motor fuel tax which is allocated to the Available School Fund.

Answering your first question, it is our opinion that the proposed amendment prevents the use of taxes enumerated for purposes other than those mentioned in the proposed amendment. That is to say, that the revenues remaining after payment of all refunds allowed by law and expenses of collection, derived from road user taxes, including but not limited to motor vehicle registration fees, drivers' license fees, and all taxes other than ad valorem taxes and gross production taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of constructing and maintaining public roadways and for the enforcement of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and licensing of drivers upon such roads, and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939 and dealared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law.

Hon. Durwood Manford,    page 4

In reply to your second question, you are advised that it is our opinion that the proposed amendment restricts eligibility of indebtedness to those county or road district bonds or warrants voted or issued prior to January 2, 1939, and declared eligible prior to January 2, 1945.

With reference to your third question, you are respectfully advised that Art. 6674q-7, V. A. C. S., pertains to the distribution of the "surplus" from the County and Road District Highway Fund. After carefully considering the proposed amendment in connection with the foregoing statute, it is our opinion that the distribution of the "surplus" from the County and Road District Highway Fund would not be disturbed.

In answer to your fourth question, you are advised that it is our opinion that the term "existing law", as it appears in the proposed amendment, means statutory and common law of the State existing at the time of the adoption of the proposed constitutional amendment. Such term is also broad enough to include existing case law and Federal law. For various definitions of the term "existing law", see Words and Phrases, Per. Ed., Vol. 15, p. 652, and the authorities cited therein.

We have carefully considered your fifth and sixth questions together in connection with the proposed amendment and applicable existing law, and it is our opinion both of these questions should be answered in the negative, and they are so answered.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *Ardell Williams*

Ardell Williams
Assistant

AW:LJ





APPROVED
OPINION
COMMITTEE
BY